UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

VANESSA EMENO,
      Plaintiff,

v.                  5:04-CV-1350
                  (NAM/GHL)
MICHAEL J. ASTRUE,[1]
Commissioner of Social Security,
      Defendant.
_____

APPEARANCES:            OF COUNSEL:

OFFICE OF JONATHAN P. FOSTER    JONATHAN P. FOSTER, ESQ.
*Counsel for Plaintiff*
407 South Main Street
Athens, Pennsylvania 18810

HON. GLENN T. SUDDABY        WILLIAM H. PEASE, ESQ.
United States Attorney for the       Assistant United States Attorney
 Northern District of New York
*Counsel for Defendant*
P.O. Box 7198
100 South Clinton Street
Syracuse, New York 13261-7198

GEORGE H. LOWE, United States Magistrate Judge

## REPORT AND RECOMMENDATION[2]

**I. BACKGROUND**

  **A. Procedural History**

Plaintiff filed an application for disability insurance benefits ("DIB") on November 13,

---

[1] The complaint named Jo Anne B. Barnhart as Defendant, then the Commissioner of Social Security. On February 12, 2007, Michael J. Astrue assumed that position. Therefore, he shall be substituted as the named Defendant pursuant to Fed. R. Civ. P. 25(d)(1).

[2] This matter was referred to me for report and recommendation by the Honorable Norman A. Mordue, Chief United States District Judge, pursuant to 28 U.S.C. § 636(b) and Northern District of New York Local Rule 72.3.

2002.  (Administrative Transcript ("T") at 107-09.)  The application was denied on June 4, 2003.  (T. at 96-100.)  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") which was held on March 25, 2004.  (T. at 39-95.)  On June 15, 2004, ALJ Barbara Gibbs issued a decision finding that Plaintiff was not disabled.  (T. at 11-29.)

Plaintiff appealed to the Appeals Council, and the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on September 24, 2004.  (T. at 5-7.)  Plaintiff commenced this action on November 22, 2004.  (Dkt. No. 1.)

### B. The Contentions

Plaintiff makes the following claims:[3]

(1)  The ALJ erred by failing to give "special significance" to Plaintiff's treating sources' opinions.  (Dkt. No. 11 at 9-12.)

(2)  The ALJ failed to address properly Plaintiff's testimony regarding her usual daily activities.  (Dkt. No. 11 at 12-14.)

(3)  The ALJ failed to address properly Plaintiff's work history.  (Dkt. No. 11 at 14-15.)

Defendant disagrees, and argues that the decision should be affirmed.  (Dkt. No. 14.)

## II. APPLICABLE LAW

### A. Standard for Benefits

To be considered disabled, a plaintiff seeking DIB or supplemental security income ("SSI") benefits must establish that he is "unable to engage in any substantial gainful activity by reason of

---

[3] Plaintiff's brief contains no citation to cases from the Court of Appeals for the Second Circuit or from districts within the Second Circuit.  Instead, only cases from the Court of Appeals for the Third Circuit and from a district within the Third Circuit are cited.  *See* Dkt. No. 11 at 9, 12, 14-15.  The Court notes that in Social Security appeals filed in this District, "[c]ases from other districts and circuits should be cited *only in conjunction with relevant cases from this jurisdiction* . . . . "  General Order Number 18 (1)(c) (N.D.N.Y. Sept. 12, 2003) (emphasis added).

any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A) (2004). In addition, the plaintiff's

> physical or mental impairment or impairments [must be] of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B) (2004).

Acting pursuant to its statutory rulemaking authority (42 U.S.C. §§ 405(a), 1383(d)(1)), the Social Security Administration ("SSA") has promulgated regulations establishing a five-step sequential evaluation process to determine disability. 20 C.F.R. § 404.1520 (2007). "If at any step a finding of disability or nondisability can be made, the SSA will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).

> At the first step, the agency will find non-disability unless the claimant shows that he is not working at a "substantial gainful activity." [20 C.F.R.] §§ 404.1520(b), 416.920(b). At step two, the SSA will find non-disability unless the claimant shows that he has a "severe impairment," defined as "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." [20 C.F.R.] §§ 404.1520(c), 416.920(c). At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled; if so, the claimant qualifies. [20 C.F.R. §§] 404.1520(d), 416.920(d). If the claimant's impairment is not on the list, the inquiry proceeds to step four, at which the SSA assesses whether the claimant can do his previous work; unless he shows that he cannot, he is determined not to be disabled.[1] If the claimant survives the fourth stage, the fifth, and final, step requires the SSA to consider so-called "vocational factors" (the claimant's age, education, and past work experience), and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy.[1] [20 C.F.R.] §§ 404.1520(f), 404.1560(c), 416.920(f), 416.9630(c).

-3-

*Barnhart v. Thomas*, 540 U.S. at 24-25 (footnotes omitted).

The plaintiff-claimant bears the burden of proof regarding the first four steps. *Serrano v. Barnhart*, Civ. No. 02-6372, 2003 WL 22683342, at *11 (S.D.N.Y. Nov. 14, 2003). If the plaintiff-claimant meets his or her burden of proof on all four steps, the burden then shifts to the defendant-Commissioner to prove that the plaintiff-claimant is capable of performing other jobs which exist in significant numbers in the national economy. *Id.* (citing *Barnhart v. Thomas*, 540 U.S. at 25; other citations omitted).

### B.  Scope of Review

In reviewing a final decision of the Commissioner, a court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision. *Brown v. Barnhart*, Civ. No. 02-4523, 2003 WL 1888727, at *4 (S.D.N.Y. Apr. 15, 2003); *Serrano v. Barnhart*, 2003 WL 22683342, at *10; *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)). A reviewing court may not affirm an ALJ's decision if it reasonably doubts whether the proper legal standards were applied, even if the decision appears to be supported by substantial evidence. *Johnson*, 817 F.2d at 986. In addition, an ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision. *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).

A court's factual review of the Commissioner's final decision is limited to the determination of whether there is substantial evidence in the record to support the decision. 42 U.S.C. § 405(g) (2005); *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991). "Substantial evidence has been defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"

*Williams on behalf of Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (citations omitted). It must be "more than a scintilla" of evidence scattered throughout the administrative record. *Serrano*, 2003 WL 22683342, at *10; *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938)). "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams*, 859 F.2d at 258. However, a reviewing court cannot substitute its interpretation of the administrative record for that of the Commissioner if the record contains substantial support for the ALJ's decision. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972); *see also Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

## III.  THE PLAINTIFF

Plaintiff was born on December 22, 1957. (T. at 107.) She completed high school and worked as a licensed practical nurse. (T. at 46, 131, 136.) Plaintiff alleges that she became disabled on September 18, 2002 due to Crohn's disease,[4] fibromyalgia,[5] arthritis, renal failure, bone marrow suppression, depression, a thyroid condition, a vitamin deficiency, and a blood condition. (T. at 130.) She also claims that she broke her ankle, has a heart condition, attempted suicide, and sustained a vocal cord injury. (*See* T. at 15; Dkt. No. 11 at 3-5.)

## IV.  THE ALJ'S DECISION

The ALJ found that: (1) Plaintiff has not engaged in any substantial gainful activity since the

---

[4] Crohn's disease is a chronic granulomatous inflammatory disease of unknown etiology, involving any part of the gastrointestinal tract from mouth to anus, but commonly involving the terminal ileum with scarring and thickening of the bowel wall. *Dorland's Illustrated Medical Dictionary* 514 (29th ed. 2000).

[5] Fibromyalgia is pain and stiffness in the muscles and joints that is either diffuse or has multiple trigger points. *Dorland's Illustrated Medical Dictionary* 673 (29th ed. 2000).

alleged onset date of September 18, 2002 (T. at 16-17); (2) Plaintiff suffers from severe impairments that include Crohn's disease, reported history of fibromyalgia, obesity, reported history of myocardial infarction, history of hypothyroidism, history of anemia, history of acute renal failure, history of vocal cord damage, and mild depression (T. at 17); (3) Plaintiff's severe impairments did not meet or equal a listed impairment (*Id.*); (4) Plaintiff retained the residual functional capacity to perform a limited range of sedentary work (T. at 26); and (5) Considering the testimony of a vocational expert and the Medical-Vocational Guidelines, the ALJ found that there were a significant number of jobs in the national economy that Plaintiff could perform (T. at 26-28). Thus, the ALJ concluded that Plaintiff was not disabled. (T. at 27-28.)

## V. DISCUSSION

### A. Whether The ALJ Erred by Failing to Give "Special Significance" to Plaintiff's Treating Sources' Opinions

The medical opinions of a treating physician[6] are given "controlling weight" as long as they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and are not inconsistent with other substantial evidence contained in the record. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2) (2007). In *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004), the Second Circuit provided the following guidance:

> [T]he opinion of the treating physician is not afforded controlling weight where, as here, the treating physician issued opinions that are not consistent with other substantial evidence in the record, such as the opinions of other medical experts. *See Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002) (treating physician's opinion is not controlling when contradicted "by other substantial evidence in the record"); 20 C.F.R. § 404.1527(d)(2). Here, the key medical opinions submitted by Dr. Elliott to

---

[6] "Treating source" is defined as one's own physician, psychologist, or other acceptable medical source who provides, or has provided, medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with the patient/plaintiff/claimant. 20 C.F.R. § 404.1502 (2007).

> the ALJ were not particularly informative and were not consistent with those of several other medical experts. Thus, Dr. Elliot's opinion as the treating physician does not sustain controlling weight.

*Halloran*, 362 F.3d at 32.

Even if the treating physician's opinion is contradicted by substantial evidence and thus is not controlling, it still may be entitled to significant weight "because 'the treating source is inherently more familiar with a claimant's medical condition than are other sources.'" *Santiago v. Barnhart*, 441 F. Supp. 2d 620, 627 (S.D.N.Y. 2006) (quoting *Gonzalez v. Callahan*, No. 94 Civ. 8747, 1997 WL 279870, at *11 (S.D.N.Y. May 23, 1997) (citing *Schisler v. Bowen*, 851 F.2d 43, 47 (2d Cir. 1988))). However, if not controlling, the proper weight given to a treating physician's opinion depends upon the following factors: (1) the length of the treatment relationship and frequency of examinations; (2) the nature and extent of the treatment relationship; (3) the medical evidence in support of the opinion; (4) the consistency of the opinion with the record as a whole; (5) whether the opinion is from a specialist; and (6) any other factors that tend to support or contradict the opinion. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Plaintiff argues that the ALJ erred by failing to afford "special significance" to opinions rendered by her treating physicians, Dr. Stuart Gillim and Dr. Ahmad Mehdi. (Dkt. No. 11 at 9-12.) Defendant contends that the ALJ properly gave no special significance to these opinions. (Dkt. No. 14 at 19-21.)

      **1.    Dr. Gillim**

Plaintiff began treating with Dr. Gillim, a gastroenterologist, in November of 2001. (T. at 132, 343.) On December 30, 2002, Dr. Gillim opined that Plaintiff is "totally and permanently disabled" due to her "recurrent symptoms of Crohn's disease." (T. at 339.)

In her decision, the ALJ afforded "no significant weight" to Dr. Gillim's opinion. (T. at 20.) The ALJ explained that Dr. Gillim's opinion addressed an issue expressly reserved to the Commissioner and thus was entitled to little weight. (*Id.*) The ALJ is correct. The Regulations provide, "We are responsible for making the determination or decision about whether you meet the statutory definition of disability." 20 C.F.R. § 416.927(e)(1). Thus, the ALJ was not bound by Dr. Gillim's opinion, inasmuch as it addressed the ultimate issue that rests with the Commissioner. *See id.*

Nevertheless, the ALJ also explained that Dr. Gillim's opinion was not supported by other evidence in the record, noting that Plaintiff's Crohn's disease was in remission or stable since early 2002. (T. at 20; *see* T. at 219, 300, 301.) The ALJ also pointed out that at the time Dr. Gillim rendered his opinion, Plaintiff was working. (T. at 20.) Indeed, Plaintiff admitted that she returned to work in December of 2002 but stopped on January 3, 2003 due to breaking her ankle. (T. at 44-45; *see also* T. at 143.) Additionally, Plaintiff testified at the hearing that she was receiving no treatment or medication for Crohn's disease. (T. at 63-64.)

In light of the foregoing, the Court finds that the ALJ properly afforded less than controlling weight to the opinion of Dr. Gillim. Therefore, this Court recommends that the finding be affirmed.

### 2. Dr. Mehdi

Plaintiff began treating with Dr. Mehdi, who specializes in "family health," in December of 1999. (T. at 132, 321.) On April 12, 2004, Dr. Mehdi opined that Plaintiff is "totally and permanently disabled," but he found that "rest and reduction in physical activity" may provide some improvement in Plaintiff's quality of life. (T. at 501.) The ALJ afforded no controlling weight to this opinion. (T. at 25.)

Initially, the Court notes that as previously explained, the ultimate issue as to whether a claimant is disabled rests with the Commissioner. 20 C.F.R. § 416.927(e)(1). Therefore, the ALJ was not bound by Dr. Mehdi's opinion because it addressed the ultimate issue. *See id.*

Nevertheless, the ALJ explained that she afforded no controlling weight to Dr. Mehdi's opinion because the opinion was not supported by Dr. Mehdi's own records. (T. at 25.) As an example, the ALJ cited Dr. Mehdi's progress note from June 28, 2002 in which he noted that Plaintiff is "doing well." (T. at 25; *see* T. at 307.) The ALJ also noted that a progress note dated December 3, 2002 describes Plaintiff's fibromyalgia, "bodyache," and Crohn's disease as "stable." (T. at 25; *see* T. at 301.) The ALJ also pointed out that Dr. Mehdi found on July 25, 2003 and on September 5, 2003 that Plaintiff's depression was "stable." (T. at 25; *see* T. at 508, 509.)

Additionally, the ALJ noted that Dr. Mehdi's opinion was based in part on "false or inaccurate information." (T. at 25.) Dr. Mehdi stated that he based his opinion in part on Plaintiff's "multiple suicide attempts with one leading to intubation and damage to vocal cords." (T. at 501). As the ALJ pointed out, however, the record reflects Plaintiff's denial that the incident in which her vocal cords were damaged was a suicide attempt. (T. at 25; *see* T. at 272.)

Based on the foregoing, the Court finds that the ALJ properly afforded less than controlling weight to the opinion of Dr. Mehdi. Therefore, this Court recommends that the finding be affirmed.

  **B.**  **Whether The ALJ Failed To Address Properly Plaintiff's Testimony Regarding Her Usual Daily Activities**

"An [ALJ] may properly reject [subjective complaints] after weighing the objective medical evidence in the record, the claimant's demeanor, and other indicia of credibility, but must set forth his or her reasons 'with sufficient specificity to enable us to decide whether the determination is

-9-

supported by substantial evidence.'" *Lewis v. Apfel*, 62 F. Supp. 2d 648, 651 (N.D.N.Y. 1999) (quoting *Gallardo v. Apfel*, Civ. No. 96-9435, 1999 WL 185253, at *5 (S.D.N.Y. Mar. 25, 1999)). To satisfy the substantial evidence rule, the ALJ's credibility assessment must be based on a two-step analysis of pertinent evidence in the record. 20 C.F.R. § 404.1529 (2007); *see also Foster v. Callahan*, Civ. No. 96-1858, 1998 WL 106231, at *5 (N.D.N.Y. Mar. 3, 1998); S.S.R. 96-7p, 1996 WL 374186 (S.S.A. July 2,1996). First, the ALJ must consider whether there is an underlying medically determinable physical or mental impairment(s) which could reasonably be expected to produce the claimant's pain or other symptoms. S.S.R. 96-7p, 1996 WL 374186, at *2. This finding does not involve a determination as to the intensity, persistence, or functionally limiting effects of the claimant's pain or other symptoms. *Id.* If no impairment is found which could reasonably be expected to produce pain, the claimant's pain cannot be found to affect the claimant's ability to do basic work activities. *Id.* An individual's statements about his pain are not enough by themselves to establish the existence of a physical or mental impairment, or to establish that the individual is disabled. *Id.*

However, once an underlying physical or mental impairment(s) which could reasonably be expected to produce the claimant's pain or other symptoms has been established, the second step of the analysis is for the ALJ to evaluate the intensity, persistence, and limiting effects of the pain or symptoms to determine the extent to which they limit the claimant's ability to perform basic work activities. S.S.R. 96-7p, 1996 WL 374186 at *2. Whenever a claimant's statements about the intensity, persistence, and limiting effects of the claimant's pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the claimant's credibility. *Id.* A claimant's symptoms will be determined to diminish his/her capacity for basic

work activities to the extent that his/her alleged functional limitations and restrictions due to symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence in the case record. *Id.*

A claimant's symptoms can sometimes suggest a greater level of severity than can be shown by the objective medical evidence alone. S.S.R. 96-7p, 1996 WL 374186, at *3. When the objective evidence alone does not substantiate the intensity, persistence, or limiting effects of the claimant's symptoms, the ALJ must assess the credibility of the claimant's subjective complaints by considering the record in light of the following symptom-related factors: (1) claimant's daily activities; (2) location, duration, frequency, and intensity of claimant's symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of any medication taken to relieve symptoms; (5) other treatment received to relieve symptoms; (6) any measures taken by the claimant to relieve symptoms; and (7) any other factors concerning claimant's functional limitations and restrictions due to symptoms. 20 C.F.R. § 404.1529(c)(3).

An ALJ's evaluation of a plaintiff's credibility is entitled to great deference if it is supported by substantial evidence. *Murphy v. Barnhart*, Civ. No. 00-9621, 2003 WL 470572, at *10 (S.D.N.Y. Jan. 21, 2003) (citing *Bischof v. Apfel*, 65 F. Supp. 2d 140, 147 (E.D.N.Y. 1999) and *Bomeisl v. Apfel*, Civ. No. 96-9718, 1998 U.S. Dist. LEXIS 11595, at *19 (S.D.N.Y. July 30, 1998) ("Furthermore, the ALJ has discretion to evaluate a claimant's credibility . . . and such findings are entitled to deference because the ALJ had the opportunity to observe the claimant's testimony and demeanor at the hearing.")). In cases dealing with fibromyalgia, "the credibility of the claimant's testimony regarding [his] symptoms takes on substantially increased significance in the ALJ's evaluation of the evidence[.]" *Coyle v. Apfel*, 66 F. Supp. 2d 368, 376 (N.D.N.Y. 1999) (internal

quotation marks and citation omitted).

Plaintiff claims that the ALJ improperly evaluated her testimony. (Dkt. No. 11 at 12-14.) Defendant contends that the ALJ properly considered Plaintiff's subjective complaints. (Dkt. No. 14 at 21-23.)

In her decision, the ALJ found that Plaintiff was not "entirely credible." (T. at 24.) In coming to this conclusion, the ALJ found that Plaintiff "has medically determinable impairments that could reasonably be expected to cause some of the symptoms described . . . [such as] aches, pains, depression and symptoms related to her Crohn's disease from time to time, but not to the frequency or debilitating degree of severity alleged." (*Id.*) Accordingly, the ALJ addressed the first step of the two-step analysis of the evidence in the record, as required by 20 C.F.R. § 404.1529.

The ALJ was then required to assess the credibility of Plaintiff's subjective complaints by considering the record in light of the various symptom-related factors set forth in 20 C.F.R. § 404.1529(c)(3), which she did. The ALJ reviewed and discussed the relevant factors including: Plaintiff's daily activities; the location, duration, frequency, and intensity of Plaintiff's symptoms; precipitating and aggravating factors; Plaintiff's medications; other treatment received to relieve symptoms; and measures taken by Plaintiff to relieve symptoms. (T. at 16-25.)

Significantly, the ALJ pointed out that despite Plaintiff's complaints of disabling symptoms, Plaintiff returned to work as a nurse in December of 2002, but stopped on January 3, 2003 because she broke her ankle. (T. at 16; *see* T. at 45.) She again returned to work, but this attempt proved unsuccessful when she lost her job in May or June of 2003. (T. at 45-46, 78.)

The ALJ also cited the inconsistent nature of Plaintiff's assertions. (T. at 22.) The Court notes that "[o]ne strong indication of the credibility of an individual's statements is their consistency,

-12-

both internally and with other information in the case record." S.S.R. 96-7p, 1996 WL 374186, at *5 (S.S.A. 1996). As noted by the ALJ, the record contains a "Report of Contact" which documents contact between Plaintiff and Barbara Huber, a disability examiner. (T. at 22; *see* T. at 144.) The report indicates that Plaintiff reported that she returned to work as a nurse in May of 2003, but "did not even last 80 hours . . . She was suspended . . . for throwing a glass of juice at a patient. *She said she did it* because she was stressed out." (T. at 144 (emphasis added).) However, at the hearing, Plaintiff stated that she was "*accused* of patient abuse. *Supposedly*, I threw a glass of juice at a patient." (T. at 78 (emphasis added).) The Court notes that in determining credibility, an ALJ must consider reports about a claimant's efforts to work. S.S.R. 96-7p, 1996 WL 374186, at *5.

The ALJ further pointed out that the record reflects a general lack of treatment. (T. at 18-19.) As an example, the ALJ discussed that while Plaintiff claimed that Crohn's disease was her "primary medical condition," she testified that she receives *no treatment* and takes *no medication* to address this condition. (T. at 19, 63-64, 160; *see* Dkt. No. 11 at 7.) As another example, the ALJ noted that Plaintiff claimed that she experiences a limited ability to breathe due to damaged vocal cords. (T. at 19.) However, Plaintiff testified that she was not being treated for this condition. (T. at 19; *see* T. at 73.)

In sum, the ALJ's finding that Plaintiff's allegations were not totally credible is supported by substantial evidence, and thus is entitled to great deference. Therefore, the Court recommends that the finding in this regard be affirmed.

      **C.**      **Whether The ALJ Failed to Address Properly Plaintiff's Work History**

Plaintiff claims that the ALJ failed to address properly her work history. (Dkt. No. 11 at 14-15.) Specifically, Plaintiff argues that the ALJ improperly considered Plaintiff's attempts to work as

an indication that "her medical problems [were] *not serious* . . . . " (*Id.* at 15 (original emphasis).) Defendant contends that the ALJ properly addressed Plaintiff's work history. (Dkt. No. 14 at 23-24.)

The Regulations provide that an ALJ shall "consider all of the evidence presented, *including information about your prior work record* . . . ." 20 C.F.R. § 416.929(c)(3) (emphasis added); *see also* S.S.R. 96-7p, 1996 WL 374186, at *5. The Second Circuit has instructed that "work history is just one of many factors that the ALJ is instructed to consider in weighing the credibility of [a] claimant['s] testimony." *Schaal v. Apfel*, 134 F.3d 496, 502 (2d Cir. 1998).

Accordingly, the ALJ was obligated to consider Plaintiff's prior work record, which she did. The ALJ reviewed Plaintiff's work history in some detail, specifically noting that Plaintiff returned to work on several occasions between December of 2002 and May of 2003. (*See* T. at 16-17, 20, 26.) However, as reflected in the ALJ's decision, Plaintiff's prior work record was just *one of many factors* the ALJ considered in evaluating Plaintiff's credibility. As previously discussed, the ALJ also considered Plaintiff's daily activities; the location, duration, frequency, and intensity of Plaintiff's symptoms; precipitating and aggravating factors; the medication taken to relieve symptoms; other treatment received to relieve symptoms; and measures taken by Plaintiff to relieve symptoms. *See supra* Part V.B.

In sum, the ALJ properly considered Plaintiff's prior work record while evaluating Plaintiff's credibility. Plaintiff's prior work record was just one of many factors the ALJ considered. Thus, the Court recommends that the ALJ's determination in this regard be affirmed.

**WHEREFORE,** it is hereby

**RECOMMENDED,** that the decision of the Commissioner be **AFFIRMED** and the complaint (Dkt. No. 1) be **DISMISSED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: November 26, 2007
       Syracuse, New York

                                          George H. Lowe
                                          United States Magistrate Judge